10-574-cr
United States v. Boothe

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of January, two thousand eleven.

PRESENT:
> AMALYA L. KEARSE,
> RALPH K. WINTER,
> PETER W. HALL,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                        10-0574-cr

RUDOLPH BOOTHE, also known as Andrew Boothe,
also known as William Isaac,

> *Defendant-Appellant.*

_____

FOR APPELLEE:        CHRISTOPHER D. FREY, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, Of Counsel, *on the brief*) for Preet Bharara, United States Attorney for the Southern District of New York.

FOR DEFENDANT-APPELLANT:      DAVID GORDON, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Rudolph Boothe appeals from the denial of his motion to raise an entrapment by estoppel defense at his trial on the charge of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court denied Boothe's motion on the ground that the entrapment by estoppel defense was not applicable where there were no facts showing that the government affirmatively misled Boothe to believe he had permission to enter the country or that he reasonably relied on the alleged misrespresentation. "[I]t is well established that [t]he legal sufficiency of a proffered defense is a question of law and therefore is reviewed *de novo*." *United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The defense of entrapment by estoppel is available to defendants "where the government procured the defendant's commission of the illegal acts by leading him to reasonably believe he was authorized to commit them." *United States v. Giffen*, 473 F.3d 30, 39 (2d Cir. 2006). The defendant must show that "the government, by its own actions, induced him to do those acts and led him to rely reasonably on his belief that his actions would be lawful by reason of the government's *seeming* authorization." *Id.* at 41. Accordingly, in order to raise an entrapment by estoppel defense to the crime of illegal reentry, Boothe must show that he had reentered the country "'in the mistaken but reasonable, good faith belief that he ha[d] in fact been authorized to do so,'" by the government in its communications with him. *Id.* at 41-42 (quoting *United States v. Abcasis*, 45 F.3d 39, 43 (2d Cir. 1995)).

2

When Boothe called the government's toll-free number to hear the status of his case, the automated message stated, according to the parties' stipulation, that "an immigration judge ordered your deportation on March 19, 1998, at 26 Federal Plaza" and that the "Board of Immigration Appeals dismissed your case." Boothe sought to introduce evidence that, upon hearing the Board of Immigration Appeals ("BIA") had dismissed his case, he *believed* this meant that the BIA had vacated the immigration judge's order of deportation. He would argue that the government led him to believe the case against him was dismissed and, as a result, he reasonably believed he was no longer subject to the deportation order.

For purposes of our analysis, we assume the automated message confused Boothe as to whether "your case" meant "the case against you" rather than "your appeal" and hence confused him as to whether he remained subject to an order of deportation. Nevertheless, the fact that Boothe was subsequently taken into immigration custody, was shown a warrant for his deportation on the basis of the immigration judge's final order of deportation (which he also signed in acknowledgment), was provided with an official warning that he could not reenter the country for a period of ten years without express permission—and would be subject to felony charges if he did so—and *was in fact deported* to Jamaica, was without question sufficient to put a reasonable person on notice that he was still subject to a deportation order and that reentry into the United States was not authorized. Boothe has not presented sufficient facts to support a defense of estoppel by entrapment. The district court did not err in precluding it.

We have considered all of Boothe's contentions on this appeal and have found them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3